IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH P. QUINLAN,
    Plaintiff,

vs.                                         5:08cv167/RS/MD

PERSONAL TRANSPORT
SERVICES CO., LLC., et al.
    Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Leave to proceed *in forma pauperis* has been granted by separate order entered on this date, and no initial partial filing fee was assessed.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at

327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was an inmate during the process of extradition from Geneva, Illinois to Pensacola, Florida at the time the events giving rise to this complaint took place. He is currently incarcerated in the Florida Department of Corrections. Named as defendants in this action are Personal Transport Service Company (PTSC), Jason Catalogne, Will Stevenson, Sgt. Laner, and Sheriff Ron McNesby. Plaintiff alleges that his Eighth

Amendment rights were violated by defendants Stevenson and Laner during his extradition from Geneva to Pensacola in May and June of 2006. Defendants Stevenson and Laner were the two officers who shared the duty of driving the transport van carrying plaintiff and other inmates. In his complaint plaintiff contends that the van in which he rode had no seatbelts and inadequate ventilation, that he was forced to ride for long periods without being given the opportunity to stretch, that part of the time during the transport he was unnecessarily forced to sit in a cramped "cage" within the interior of the transport van that is normally used for unruly prisoners although he had not misbehaved, that the officers refused to stop for regular restroom breaks, that when they did stop, Sgt. Laner took three shackled inmates at a time to the restroom without assistance or protection, and that the officers drove in excess of the speed limit and erratically. Plaintiff alleges that PTSC and Jason Catalogne were negligent in failing to adequately train and supervise their employees, in encouraging them to exceed the maximum capacity of the van, and to continue on despite mechanical problems with the van in order to meet deadlines and maximize profit. Plaintiff claims that defendant Sheriff Ron McNesby was negligent in his decision to secure the services of PTSC and Jason Catalogne to transport the plaintiff. Plaintiff seeks varying amounts of punitive and compensatory damages from each defendant.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff's claims for monetary damages for mental anguish he suffered as a result of defendants' alleged conduct is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. §

1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "pain and suffering," i.e., mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, plaintiff is prohibited under the PLRA from bringing his damages claims while imprisoned unless he alleges physical injury.[1] Further, he must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion*

---

[1] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA) Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). See also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

*reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Osterback v. Ingram,* 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd,* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury), *cert. denied*, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002).

In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct. He asserts that it was difficult enough to breathe in the van that he asked for his asthma inhaler, but does not contend that he suffered any ill effects or physical injury as a result of the conditions in which he was transported, or the fact that he was not permitted to use the inhaler. Furthermore, although he asserts that the driving of defendants Laner and Stevenson was such that it put his life and that of the other inmates at risk, and at least one incident plaintiff describes was harrowing, no physical injury actually ensued. Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims against any of the named defendants.

Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983 at this time, and therefore it should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of June, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).